Mr. Stephen R. Young 2907 Highway 38 Cabot, AR 72023
Dear Mr. Young:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), a provision of the Freedom of Information Act (FOIA), concerning the release of certain records.
You indicate that you requested from the Department of Human Services the following records concerning a certain position with the Department:
Job Applicant Worksheet (KAS Rating Scale)
Highest KAS ranking to lowest of those interviewed but not selected
KAS ranking of the selected applicant
You further state that you have requested that the names of the applicants whose KAS rankings are reflected on these records be redacted. You noted that under the Arkansas Supreme Court's decision in Young v.Rice, 308 Ark. 593, 826 S.W.2d 252 (1992), it would be permissible to release the KAS rankings with the applicants' names deleted. Nevertheless, the custodian of the records has declined to provide you with access to these records, even with the applicants' names redacted. You have provided me with a copy of the custodian's response explaining her decision not to release the records. In this response, the custodian states that because there were few applicants for the position in question, and because the applicants may know who the other applicants were, it would be futile to redact their names from the requested records, in that it would be easy to deduce the various applicant's rankings.
I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of the records you have requested is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
It is my opinion that if the custodian is correct that the applicants' identities could be easily deduced even if their names were redacted from the records, the custodian's decision not to release the records was consistent with the FOIA. (I note that the question of whether the identities of the applicants could, as the custodian asserts, be easily deduced is a question of fact that I am unable to determine. Only a court would be qualified to make such a determination.)
Although it is true, as you have pointed out, that the Arkansas Supreme Court held in Young v. Rice, supra, that test scores should be released with the names of the score recipients redacted, it should be noted that this holding in Young was based on the premise that redacting the names would protect the privacy of the persons whose names were redacted. Indeed, the Young court made much of the fact that revealing the names of the officers in question would constitute a clearly unwarranted invasion of their personal privacy. I have previously opined that where names can be easily deduced, despite the fact that they have been redacted, the release of test scores would constitute a clearly unwarranted invasion of personal privacy. See Op. Att'y Gen. No. 2000-119.
Accordingly, I conclude that if it is true that the names of the applicants for the position in question could be easily deduced even from records from which the applicants' names have been redacted, the custodian's decision not to release these records was consistent with the FOIA.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh